[Cite as *Akron v. Sage*, 2018-Ohio-3662.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF AKRON

    Appellee

v.

CORRY SAGE

    Appellant

C.A. No.    28834

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    17 CRB 06249

DECISION AND JOURNAL ENTRY

Dated: September 12, 2018

CARR, Judge.

{¶1}    Appellant, Corry Sage, appeals from his conviction in the Akron Municipal Court. This Court reverses and remands.

I.

{¶2}    Only a few basic facts are relevant to the disposition of this appeal. During the course of divorce proceedings, Angela Sage filed a petition for a domestic violence civil protection order against her husband, Corry Sage. An ex parte civil protection order was issued and filed in the Summit County Court of Common Pleas, Domestic Relations Division, on August 26, 2016. The terms of the ex parte order provided that it would remain in effect until August 26, 2017, "unless earlier modified by or dismissed by order of this Court." The court instructed the sheriff/process server to personally serve the ex parte order on Sage, but the order was instead served on Sage's divorce attorney.

{¶3} On July 1, 2017, Sage was arrested for violating the ex parte order because he was at a restaurant that was within 500 feet of Ms. Sage's residence. Following a jury trial, the municipal court convicted him of violating a protection order under former R.C. 2919.27(A)(2). Sage appeals and raises four assignments of error. This Court will confine its review to his first assignment of error because it is dispositive.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON EACH ELEMENT OF VIOLATING A PROTECTION ORDER UNDER [R.C. 2919.27]; SPECIFICALLY, THE TRIAL COURT FAILED TO INSTRUCT THE JURY REGARDING THE ELEMENT OF PERSONAL SERVICE. * * * THE TRIAL COURT'S ERROR DENIED MR. SAGE HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION XIV OF THE OHIO CONSTITUTION.

{¶4} Mr. Sage has argued that the trial court erred by failing to instruct the jury about the element of personal service of the protection order. He does not dispute that he failed to explicitly object to this omission in the jury instructions, but he argues that the trial court's failure to instruct the jury about this essential element of the offense constituted plain error.

{¶5} The Ohio Supreme Court recently explained that Crim.R. 52(B) places three limitations on a reviewing court's determination of whether to correct an error that was not raised below: (1) an error must have occurred; (2) the error must constitute an "obvious defect" in the proceedings; and (3) the error must have affected the ultimate outcome of the proceedings. (Internal citations omitted.) *State v. Martin*, Slip Opinion No. 2018-Ohio-3226, ¶ 28.

{¶6} Sage has pointed to an obvious error in the proceedings: the trial court's failure to instruct the jury that a conviction under former R.C. 2919.27(B) required a finding that he had been properly served with the ex parte civil protection order. R.C. 2919.27 has since been

amended to obviate the requirement of personal service under certain circumstances that demonstrate that a defendant had notice of the civil protection order. *See* R.C. 2919.27(D). At the time Sage allegedly violated the ex parte civil protection order in this case, however, former R.C. 2919.27(A)(2) required proof that he recklessly violated the protection order and that the order had been properly served on him prior to the violation. *See State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, ¶ 28. Although service of the order was a required element of the offense, the record clearly demonstrates that the jury was not instructed on this element, nor was it required to find that Sage had been served with the protection order before the alleged violation.

{¶7} This Court must next determine whether the trial court's failure to instruct the jury on this essential element of the offense was harmless or whether it affected the outcome of the proceedings. *See State v. Meinke*, 9th Dist. Lorain Nos. 15CA010738 & 15CA010739, 2017-Ohio-7787, ¶ 19-20. When the trial court has "failed to instruct the jury as to all the elements of an offense, the error is harmless [only] if the 'omitted element is supported by uncontroverted evidence[.]'" *Id.* at ¶ 20, quoting *Neder v. United States*, 527 U.S. 1, 18 (1999).

{¶8} Pursuant to Civ.R. 65.1(C)(2), initial service of an ex parte civil protection order must "be made in accordance with the provisions for personal service of process within the state under Civ. R. 4.1(B)[.]" Civ.R. 4.1(B) required personal service on Sage himself. Although "any additional service required to be made during the proceedings" is to be made pursuant to Civ.R. 5(B) upon the attorney who represents the respondent, service of the initial order to the attorney is not permitted as a substitute for proper service of the initial order to the respondent himself. *See* Civ.R. 65.1(C)(3).

{¶9} In this case, the city failed to present uncontroverted evidence that Sage had been properly served with the ex parte protection order. In fact, there was no evidence before the jury

that he had been properly served. Instead, the only evidence presented at the hearing was an exhibit demonstrating that, although personal service upon Sage had been ordered, the ex parte order was delivered to the attorney who was representing Sage in his divorce proceedings. Although there was evidence that Sage apparently became aware of the ex parte order, there was no evidence before the jury that Sage was ever personally served with the ex parte order.

{¶10} Therefore, if the trial court had properly instructed the jury on the element of personal service, Sage could not have been convicted of violating the civil protection order under former R.C. 2919.27(B). Because Sage has demonstrated plain error in the trial court's failure to instruct the jury on the element of service, his first assignment of error is sustained.

### REMAINING ASSIGNMENTS OF ERROR

{¶11} Because the remaining assignments of error have been rendered moot by this Court's disposition of Sage's first assignment of error, they will not be addressed. *See* App.R. 12(A)(1)(c).

### III.

{¶12} The first assignment of error is sustained. The remaining assignments of error are not addressed because they are moot. The judgment of the Akron Municipal Court is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and the cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOSEPH S. KODISH, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.